1   KEVIN P. ALLEN, State Bar No. 252290
    kallen@aghwlaw.com
2   AMEET D. PATEL, State Bar No. 343413
    apatel@aghwlaw.com
3   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
    180 Montgomery Street, Suite 1200
4   San Francisco, CA  94104
    Telephone:     (415) 697-2000
5   Facsimile:     (415) 813-2045

6   Attorneys for Defendants
    CITY OF SUNNYVALE, RYAN PERRY
7   JUSTIN SHONLEY and KELLY NGUYEN

8

9                         UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11

12   NEEL MEHTA,                            Case No. 5:23-cv-03193-PCP

13                   Plaintiff,
                                            **DEFENDANTS CITY OF SUNNYVALE,**
14          v.                              **RYAN PERRY, JUSTIN SHONLEY AND**
                                            **KELLY NGUYEN'S MOTION TO DISMISS**
15   CITY OF SUNNYVALE, RYAN                **PLAINTIFF'S COMPLAINT PURSUANT TO**
     PERRY, JUSTIN SHONLEY, and             **12(B)(6)**
16   KELLY NGUYEN,
                                            Hon. P. Casey Pitts
17                   Defendants.
                                            Date:     October 19, 2023
18                                          Time:     10:00 a.m.
                                            Ctrm:     8, 4th Floor
19
                                            Trial:    None
20

21          <u>**TO THE COURT and ALL PARTIES:**</u>

22          NOTICE IS HEREBY GIVEN that on October 19, 2023, at 10:00 a.m., in Courtroom 8 of

23   the above-entitled Court, located on the 4th Floor at 280 South 1st Street, San Jose, California

24   95113, defendants CITY OF SUNNYVALE ("City"), RYAN PERRY, JUSTIN SHONLEY, and

25   KELLY NGUYEN (collectively, "Defendants") will, and hereby do, move the Court for an order

26   dismissing portions of the Complaint ("Complaint") filed by plaintiff NEEL MEHTA

27   ("Plaintiff"), pursuant to F.R.C.P. 12(b)(6) on the grounds the Complaint fails to state a claim

28   upon which relief can be granted.  Specifically, Defendants move to dismiss Plaintiff's causes of

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

599240.6

1   action for: (1) violation of American with Disabilities Act ("ADA") (first cause of action); (2)

2   Fifth Amendment violation of right against self-incrimination (second cause of action); (3)

3   *Monell*[1] liability claim (third cause of action); (4) malicious prosecution under Section 1983 (fifth

4   cause of action); (5) false arrest/imprisonment under Section 1983 (seventh cause of action); and

5   (6) false arrest/imprisonment under state law (ninth cause of action). With respect to Officer

6   Nguyen in particular, Defendants also move to dismiss the fourth and eighth causes of action

7   (*Deveraux* liability and Bane Act, respectively).

8       Defendants seek dismissal of the ADA cause of action because the Complaint fails to

9   factually plead the claim. To wit, it fails to plead fact that Plaintiff was arrested solely due to any

10   disability or perceived disability. Defendants move to dismiss the Fifth Amendment cause of

11   action because the pleading does not factually allege that Plaintiff's statement was obtained in a

12   custodial interrogation. Defendants also seek to prevail on *Monell* because the Complaint fails to

13   adequately plead facts for an unconstitutional custom, policy, or practice. Defendants move on

14   malicious prosecution, federal false arrest, and state-law false arrest law because the pleading

15   does not sufficiently demonstrate lack of probable cause. Finally, Defendants move on the fourth

16   and eighth causes of action as to Officer Nguyen because the Complaint fails to allege that she

17   falsified evidence or that she had any specific intent to violate Plaintiff's constitutional rights.

18       This motion is further based on this Notice, on the Memorandum of Points and

19   Authorities below; the Request for Judicial Notice and all exhibits attached thereto, and on such

20   oral and/or documentary evidence as may be presented at the hearing of this motion.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27

28   [1] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

599240.6

1

## **STATEMENT OF RELIEF SOUGHT**

2   Defendants seek an order in their favor and against Plaintiff pursuant to Federal Rule of

3 Civil Procedure 12(b)(6).

4              Respectfully submitted,

5 Dated:  August 29, 2023     ALLEN, GLAESSNER,
                HAZELWOOD & WERTH, LLP

6

7           By: _/s/ Ameet D. Patel_
               KEVIN P. ALLEN
8               AMEET D. PATEL
               Attorneys for Defendant
9               CITY OF SUNNYVALE, RYAN PERRY
               JUSTIN SHONLEY and KELLY NGUYEN
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

MOTION TO DISMISS
5:23-CV-03193

599240.6

1

2

**TABLE OF CONTENTS**

Page

3   I.      INTRODUCTION ................................................................................................ 1

4   II.     STATEMENT OF FACTS .................................................................................. 2

5           A.    Procedural Status................................................................................... 2

            B.    Relevant Allegations from the Complaint............................................. 2

6                 1.     Pre-Incident ................................................................................ 2

7                 2.     Subject Incident.......................................................................... 3

    III.    LEGAL ARGUMENT ......................................................................................... 5

8           A.    Standard of Review ............................................................................... 5

9           B.    No ADA Violation ................................................................................. 7

10          C.    No Fifth Amendment Violation ............................................................. 9

            D.    Deveraux and Bane Act Claims Against Defendant Nguyen ............... 13

11                1.     Constitutional Deprivation ........................................................ 15

12                2.     Insufficient Facts for Unconstitutional Custom, Policy, or Practice...... 15

13                      a.     No Formal Government Policy ................................................. 16

                        b.     No Longstanding Custom, Policy, or Practice........................... 16

14  IV.     CONCLUSION...................................................................................................... 18

15

16

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

17

18

19

20

21

22

23

24

25

26

27

28

599240.6

1

2

**TABLE OF AUTHORITIES**

<u>Page</u>

**U.S. Supreme Court**

*Ashcroft v. Iqbal,*
   556 U.S. 662, 679 (2009)............................................................................5,6

*Associated General California, Inc. v. California State Council of Carpenters,*
   459 U.S. 519, 526 (1983)................................................................................6

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544, 570 (2007)................................................................................5

*Miranda v. Arizona,*
   384 U.S. 436, 444 (1966)............................................................................9,10

*Monell v. Dept. of Social Services,*
   436 U.S. 658 (1978).........................................................................................2

*Stansbury v. California,*
   511 U.S. 318, 323 (1994)................................................................................9

*St. Louis v. Praprotnik,*
   485 U.S. 112, 127 (1988)...............................................................................17

*Wallace v. Keto,*
   549 U.S. 384, 390 (2007)...............................................................................11

**Ninth Circuit Court of Appeals**

*Barlow v. Ground,*
   943 F.2d 1132, 1135 (9th Cir. 1991) .............................................................12

*Bradford v. Scherschligt,*
   803 F.3d 382, 386 (9th Cir. 2015) .................................................................13

*Castro v. County of Los Angeles,*
   833 F.3d 1060, 1070 (9th Cir. 2016) .............................................................15

*Cervantes v. United States,*
   330 F.3d 1186, 1188 (9th Cir. 2003) .............................................................12

*Cloes v. City of Mesquite,*
   12-15640, 2014 WL 3036554, *1 (9th Cir. July 7, 2014). .............................15

*Costanich v. Dep't of Soc. & Health Servs.,*
   627 F.3d 1101, 1111 (9th Cir. 2010) .............................................................13

*Devereaux v. Abbey,*
   263 F.3d 1070, 1076 (9th Cir. 2001) .............................................................13

*Does 1-5 v. Chandler,*
   83 F.3d 1150, 1155 (9th Cir. 1996) ..................................................................7

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ii

599240.6

1

2

## TABLE OF AUTHORITIES

Page

*Freeman v. City of Santa Ana,*
  68 F.3d 1180, 1189 (9th Cir.1995) ..................................................................... 11

*Gillette v. Delmore,*
  979 F.2d 1342, 1346-47 (9th Cir. 1992) ........................................................... 15

*Horton by Horton v. City of Santa Maria,*
  915 F.3d 592, 602–03 (9th Cir. 2019) .............................................................. 15

*Lawman v. City and County of San Francisco,*
  159 F.Supp.3d 1130, 1147 (9th Cir. 2016) ........................................................ 7

*Lee v. City of Los Angeles,*
  250 F.3d 668, 688–89 (9th Cir.2001) ................................................................ 7

*Losee v. City of Chico,*
  738 F. App'x 398, 401 (9th Cir. 2018) ............................................................ 14

*Lowe v. United States,*
  407 F.2d 1391, 1393-1394 (9th Cir. 1969) ...................................................... 10

*Marder v. Lopez,*
  450 F.3d 445, 448 (9th Cir.2006); .................................................................... 7

*McGary v. City of Portland,*
  386 F.3d 1259, 1265 (9th Cir. 2004) ................................................................ 7

*Reese v. Cty. of Sacramento,*
  888 F.3d 1030, 1043 (9th Cir. 2018) .............................................................. 14

*Schneider v. California Dept. of Corrections,*
  151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ......................................................... 6

*Shroyer v. New Cingular Wireless Services,*
  *Inc.,* 622 F. 3d 1035, 1041 (9th Cir. 2010) ...................................................... 6

*Sprewell v. Golden State Warriors,*
  266 F. 3d 979, 988 (9th Cir. 2001) ............................................................... 5, 6

*Starr v. Baca,*
  652 F.3d 1202, 1216 (9th Cir. 2011) ................................................................ 6

*Trevino v. Gates,*
  99 F.3d 911, 918 (9th Cir. 1996) .................................................................... 17

*U.S. v. Lopez,* 482 F.3d 1067, 1073 (9th. Cir. 2007) ...................................... 12

*U.S. v. Kim,*
  292 F.3d 969, 974 (9th Cir. 2002) .................................................................. 10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

iii

599240.6

1

# TABLE OF AUTHORITIES

Page

*Western Mining Council v. Watt*,
  643 F.2d 618, 624 (9th Cir. 198) ........................................................................5,6

**Other Circuit Courts**

*Gumble v. Waterford Township*,
  171 Fed. App'x 502, 507 (6th Cir. 2006)..................................................................11

*People v. Aguilera*, 5
  1 Cal. App. 4th 1151, 1162 (6th Dist. 1996) ..........................................................10

*Walker v. Schaeffer*,
  854 F.2d 138, 142 (6th Cir. 1988) ..........................................................................11

**Federal District Courts**

*Bazurto v. City of Gilroy Police Dep't*,
  No. 21-CV-06829-VKD, 2021 WL 4975016 (N.D. Cal. Oct. 26, 2021) ...........17,18

*Lum v. County of San Joaquin*,
  756 F.Supp.2d 1243, 1247 (E.D. Cal. 2010) ............................................................6

*Redon v. Jordan*,
  No. 13CV1765 WQH (KSC), 2015 WL 9244288 (S.D. Cal. Dec. 17, 2015)..........9

*Sudderth v. City & Cty. of S.F.*,
  2001 WL 764929, at *5-6 (N.D. Cal. 2001) ...........................................................12

*Williams v. City of Pleasanton*,
  No. 20-CV-08720-WHO, 2021 WL 3932012 (N.D. Cal. Sept. 2, 2021) ..........17,18

**California Supreme Court**

*Asgari v. City of Los Angeles*,
  15 Cal.4th 744, 753 n. 3 (1997) ..............................................................................11

*Pool v. City of Oakland*,
  42 Cal.3d 1051, 1069 (1986) ..................................................................................12

**California Court of Appeals**

Cornell v. City & Cty. of S.F.,
  17 Cal.App.5th 766, 801 (2017))............................................................................14

*Julian v. Mission Community Hospital*
  (2017) 11 Cal.App.5th 360, 395 ............................................................................14

*Lyons v. Fire Ins. Exchange*,
  161 Cal. App. 4th 880, 888 (2008) .........................................................................11

*O'Toole v. Superior Court*,
  140 Cal.App.4th 488, 510 (2006). ..........................................................................12

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

iv

599240.6

1

# TABLE OF AUTHORITIES

Page

*People v. Davidson,*
  221 Cal. App. 4th 966, 971–972 (2d Dist. 2013) .................................................................. 10

**Federal Statutes and Law**
42 U.S.C. § 12102 .................................................................................................................. 7

42 U.S.C. § 12132 .................................................................................................................. 7

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

MOTION TO DISMISS
5:23-CV-03193

599240.6

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether Plaintiff has adequately plead a claim for a violation of the ADA;

2.    Whether Plaintiff has adequately plead a Fifth Amendment violation of right against self-incrimination;

3.    Whether Plaintiff has adequately plead a claim under *Monell*;

4.    Whether Plaintiff has adequately plead a claim for malicious prosecution;

5.    Whether Plaintiff has adequately plead a claim for false arrest/imprisonment under Section 1983;

6.    Whether Plaintiff has adequately plead a claim for false arrest/imprisonment under California law; and

7.    Whether Plaintiff has adequately asserted his fourth (*Deveraux* liability) and eighth (Bane Act) causes of action as to Officer Nguyen.

## I.    INTRODUCTION

Defendants' Motion to Dismiss should be granted because the Complaint fails to adequately plead the following causes of action: ADA (first cause of action); (2) Fifth Amendment violation of right against self-incrimination (second cause of action); (3) *Monell* liability claim (third cause of action); (4) malicious prosecution under Section 1983 (fifth cause of action); (5) false arrest/imprisonment under Section 1983 (seventh cause of action); and (6) false arrest/imprisonment under state law (ninth cause of action). It also fails to sufficiently allege *Deveraux* liability and Bane Act against Officer Nguyen.

The ADA claim fails because that requires that Plaintiff have been arrested solely because of his disability, and the Complaint pleads facts that Plaintiff was arrested because of alleged domestic violence.

The self-incrimination allegation fails because *Miranda* warnings are only triggered by custodial interrogation, and nothing of the sort occurred here. The Complaint demonstrates that Plaintiff was questioned on-scene, in his own home, and during the investigatory phase of the call.

*Monell* fails because the Complaint fails to adequately plead facts showing an

599240.6

1   unconstitutional custom, policy, or practice.

2        The claims for malicious prosecution, Section 1983 false arrest/imprisonment, and state

3   law based false arrest/imprisonment fail because they all require a lack of probable cause, which

4   the Complaint does not show.

5        Lastly, Plaintiff's fourth and eighth causes of action (*Deveraux* liability and Bane Act) fail

6   as to Ofc. Nguyen because there are no factual allegations that Nguyen falsified evidence

7   (*Deveraux* liability) or acted with the requisite specific intent (Bane Act violation).

8   **II.   STATEMENT OF FACTS**

9        **A.   Procedural Status**

10       Plaintiff filed his Complaint on June 27, 2023, naming four defendants: City of

11  Sunnyvale; Ryan Perry; Justin Shonley; and Kelly Nguyen. (Dkt. No. 1). Plaintiff's complaint

12  alleges ten causes of action: (1) ADA Violation (first cause of action) against the City (*Id.*, ¶¶ 56-

13  60); (2) Fifth Amendment self-incrimination violation under Section 1983 (second cause of

14  action) against all defendant officers (*Id.*, at ¶¶ 61-66); (3) *Monell* liability (third cause of action)

15  against the City (*Id.*, at ¶¶ 67-72); (4) *Devereaux* liability (fourth cause of action) against all

16  defendant officers (*Id.*, at ¶¶ 73-77); (5) malicious prosecution under Section 1983 (fifth cause of

17  action) against Ofcs. Perry and Shonley (*Id.*, at ¶¶ 78-81); (6) First Amendment retaliation (sixth

18  cause of action) against Ofc. Perry (*Id.*, at ¶¶ 82-85); (7) false arrest/imprisonment under Section

19  1983 (seventh cause of action) against all defendant officers (*Id.*, at ¶¶ 86-89); (8) Bane Act

20  violation (eighth cause of action) against Defendants (*Id.*, at ¶¶ 90-95); (9) false

21  arrest/imprisonment under California law (ninth cause of action) against Defendants (*Id.*, at ¶¶

22  96-100); and (10) negligence under California law (tenth cause of action) against Defendants (*Id.*,

23  at ¶¶ 101-103).

24       Defendants' deadline to file a responsive pleading is August 29, 2023. (Dkt. 13).

25       **B.   Relevant Allegations from the Complaint**

26            1.   Pre-Incident

27       Plaintiff's first encounter with the Sunnyvale Department of Public Safety ("DPS")

28  occurred on March 5, 2021, when DPS Ofcs. Ryan Perry and Raelyn Walsworth responded to a

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

599240.6

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

welfare check called in by Plaintiff's then-wife, Ilse Mehta (who had reported that Plaintiff made threats to harm himself). (*Id.*, at ¶ 14).[2] Officers determined Plaintiff was in need of medical assistance and placed him on an involuntary hold per Section 5150 of the California Welfare and Institutions Code. (*Id.*, at ¶¶ 16-17). Plaintiff contacted DPS after his hospital release and spoke with Ofc. Walsworth regarding the March 2021 encounter; Ofc. Walsworth made a report of Plaintiff's contact. (*Id.*, at ¶¶ 18-20).

2.  Subject Incident

Approximately eight months later -- on November 8, 2021 -- Plaintiff called DPS and alleged he was the victim of domestic violence. (*Id.*, at ¶ 21). DPS Officers Perry, Shonley and Nguyen responded to the call and arrived at Plaintiff's residence to investigate his allegation that "Ilse had assaulted him in their home." (*Ibid.*)

Officers Shonley and Nguyen interviewed Plaintiff while Officer Perry interviewed Ilse. (*Id.*, at ¶¶ 25, 28). What either one said to the police, however, is largely unknown. Other than noting that Ilse "complained of pain in her thumb,"[3] the Complaint is devoid of the individual accounts Plaintiff and Ilse provided to police. (*Id.*, at ¶¶ 14-53). The pleading is silent as to what either one told Shonley, Nguyen, and Perry about: what the alleged domestic dispute involved, what led to it, how long it lasted, where it occurred, who said what, and what actually happened. (*Ibid.*) Plaintiff was ultimately arrested on domestic violence charges. (*Id.*, at ¶¶ 1, 4, 42).

The Complaint asserts that Shonley "mischaracterized [Plaintiff]'s statements to make Mr. Mehta appear culpable,"[4] but Plaintiff's purported statements are never listed or otherwise included in the pleading (nor is the police report that allegedly mischaracterized them). (*Id.*, at ¶¶ 14-53). The Complaint likewise asserts that Perry "mischaracterized Ilse's statements to make Mr. Mehta appear culpable and failed to report Ilse's admissions that would favor [Plaintiff],"[5]

---

[2] The Complaint inadvertently refers to the Department of Public Safety as the Police Department.

[3] *Id.*, at ¶ 31.

[4] *Id.*, at ¶ 44.

[5] *Id.*, at ¶ 45.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1   but her purported statements are never listed or otherwise included in the pleading (nor is the

2   police report that allegedly mischaracterized them). (*Ibid.*)

3       The Complaint contends that Ofc. Perry viewed Ilse's thumb, could see there was no

4   injury, and yet twice wrote falsely in his report that one thumb was larger than the other. (*Id.*, at

5   ¶¶ 31, 33, 45). It further contends that Shonley falsely wrote in his report that Ilse "suffered

6   bruising and swelling to her thumb." (*Id.*, at ¶ 44). The pleading also asserts that Perry told

7   Shonley about the March 2021 encounter, including Perry's purported belief that Plaintiff was

8   paranoid. (*Id.*, at ¶¶ 35-37).

9       The Complaint admits that officers photographed Plaintiff's alleged injuries that evening;

10  it only states they were taken in the dark while he was handcuffed. (*Id.*, at ¶ 47). Similarly, the

11  pleading admits that officers described Plaintiff's alleged injuries in their reports. (*Ibid.*) Its

12  concern is that no officer "adequately" did so, without explaining how or why it was supposedly

13  inadequate. (*Ibid.*)

14      3.      *Monell* Allegations

15      Plaintiff alleges two alternative *Monell* theories. First, that the City "has a written policy

16  or policies that, taken together, direct police officers to perform custodial interrogation of persons

17  allegedly involved in domestic disputes or domestic violence without reading them their *Miranda*

18  warnings, in violation of their Fifth and Sixth Amendment rights." (*Id.*, at ¶ 68). Second, that

19  "officers in the City of Sunnyvale have a custom of performing custodial interrogations of

20  persons allegedly involved in domestic disputes or domestic violence without reading them their

21  *Miranda* rights, in violation of their Fifth and Sixth Amendment rights." (*Id.*, at ¶ 69).

22      The Complaint never quotes DPS written policy nor cites to a DPS policy number. (*Id.*, at

23  ¶¶ 1-107). It only asserts, without attribution, that "[a]ccording to their policy, Sunnyvale police

24  officers are required to arrest one of the parties in the household when they respond to a call

25  about domestic violence." (*Id.*, at ¶ 22). It similarly asserts that "Sunnyvale Police Department

26  policies required the officers to detain both parties and question them to determine which party

27  they considered the dominant aggressor. Their policies mandate the arrest of that party." (*Id.*, at ¶

28  24).

MOTION TO DISMISS
5:23-CV-03193

599240.6

1    The Complaint never references any other purported incident besides Plaintiff's. (*Id.*, at ¶¶

2    1-107).

3        At the time of the subject incident, DPS' Policy Manual included Policy 311. That policy

4    stated, in pertinent part, that "[w]hen practicable, officers should obtain and document statements

5    from the victim, the suspect, and any witnesses, including children, in or around the household or

6    location of occurrence" and "[i]f the suspect is no longer at the scene, officers should make

7    reasonable efforts to locate the suspect to further the investigation, provide the suspect with an

8    opportunity to make a statement, and make an arrest or seek an arrest warrant if appropriate."

9    (*Policy 311*, including Subsections 311.4(b) and (g), attached as Ex. "A" to Request for Judicial

10   Notice) ("RJN"). The Policy underscored that probable cause was the touchstone of any arrest

11   decision. (*Id.*, including Subsection 311.4(j), attached as Ex. "A" to RJN) ("[o]fficers should take

12   appropriate enforcement action when there is probable cause to believe an offense has occurred.")

13   ## III.   LEGAL ARGUMENT

14       ### A.   Standard of Review

15       Defendants move to dismiss the Complaint under Rule 12(b)(6), for failure to state a claim

16   upon which relief can be granted.  Fed. R. Civ. Proc. 12(b)(6).  A district court should grant a

17   motion to dismiss if a plaintiff has not pled "enough facts to state a claim to relief that is plausible

18   on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint must

19   possess more than "a formulaic recitation of the elements of a cause of action;" it must contain

20   factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic

21   Corp. v. Twombly*, 550 U.S. 544, 554 (2007).  "[O]nly a complaint that states a plausible claim

22   for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

23       In determining whether a complaint states a valid claim, the court need not accept legal

24   conclusions, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden

25   State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.2d

26   618, 624 (9th Cir. 1981).  Further, it is not "proper to assume that [a plaintiff] can prove facts that

27   it has not alleged or that the defendants have violated [laws] in ways that have not been alleged."

28   *Associated General California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

599240.6

(1983).

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft*, *supra*, 556 U.S. at 679.

> *Iqbal* and *Twombly* therefore prescribe a two-step process for evaluation of motions to dismiss. The court first identifies the nonconclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief.

*Lum v. County of San Joaquin*, 756 F.Supp.2d 1243, 1247 (E.D. Cal. 2010).

Dismissal is proper when the complaint fails to allege either a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (9th Cir. 2010). In determining whether a complaint states a valid claim, the court need not accept legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 198). Further, it is not "proper to assume that [a plaintiff] can prove facts that it has not alleged or that the defendants have violated [laws] in ways that have not been alleged." *Associated General California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

The Ninth Circuit has clarified that (1) a complaint must contain sufficient, nonconclusory allegations of underlying facts to give fair notice to the defendant and allow that party to defend itself effectively, and (2) the factual allegations that are taken as true, and in the light most favorable to the plaintiff, must plausibly suggest an entitlement to relief. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).  A court may properly take

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

599240.6

judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. See *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001). Defendants seek judicial notice of: City of Sunnyvale Department of Public Safety ("DPS") Policy 311, titled "Domestic Violence (Critical)," dated November 2, 2021 and in effect on the date of the subject incident. Please see the concurrently-filed Request for Judicial Notice.

## B.        No ADA Violation

Plaintiff's ADA claim fails because the Complaint does not allege that Defendants arrested Plaintiff solely because of his perceived disability. On the contrary, he was arrested on alleged domestic violence.

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Ninth Circuit has held that the ADA applies to arrests. *Lawman v. City and County of San Francisco*, 159 F.Supp.3d 1130, 1147 (9th Cir. 2016).

To make out a prima facie case under Title II of the ADA, a plaintiff must allege that (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). "[A] Plaintiff proceeding under Title II of the ADA must… prove that the exclusion from participation in the program was **'solely** by reason of disability.'" *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) (emphasis added) (citation omitted)

The ADA defines "disability" as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1). A person meets the requirement of "being regarded as having such an impairment" if that person

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

MOTION TO DISMISS
5:23-CV-03193

599240.6

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

"establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3).

Plaintiff alleges that "Officer Perry discriminated against Mr. Mehta based on his perception of Mr. Mehta's disability and falsely reported that Mr. Mehta's then-wife's purported injuries were substantial and justified his arrest. Although Mr. Mehta was visibly battered and injured, Officer Perry discounted his injuries due to his perception of Mr. Mehta as disabled and his prior complaint about Sunnyvale police conduct." (*Complaint*, at ¶ 2). Plaintiff adds that Officer Perry raises this perceived mental health disorder in a discussion with Officer Shonley. (*Id.*, at ¶¶ 35-39). Plaintiff further alleges that "Officer Perry perceived Mr. Mehta to be a person with a disability" and that based on his perception, Ofc. Perry "discredited Mr. Mehta and encouraged other officers to discredit Mr. Mehta and to arrest him[,]" which led to Plaintiff being "denied the benefits of the services, programs, or activities by the Sunnyvale Police Department." (*Id.*, at ¶¶ 59-60).

Plaintiff's ADA claim fails because he has not alleged facts that -- even if Ofc. Perry did perceive Plaintiff's disability based on his mental health -- such was the *sole* reason for Plaintiff's arrest. In fact, the facts alleged indicate that officers investigated a domestic violence incident, spoke to the involved parties (Plaintiff and his then wife), took photographs of the parties, and ultimately arrested Plaintiff for domestic violence-related charges. Although Plaintiff disputes the nature and extent of Ilse's thumb injury, he never denies the fact that Ilse complained of pain in her thumb (*Complaint*, at ¶ 31). And although Plaintiff incorrectly pleads a Fifth Amendment claim (discussed in Section III.C below), he nevertheless admits that officers placed him under arrest after "eliciting his statement[,]" (*Id.*, at ¶ 42) indicating that officers considered Plaintiff's statement at the scene before placing him under arrest. Defendants understand that Plaintiff respectfully disagrees with the outcome of the police investigation, but that does not change the rationale for his arrest -- alleged domestic violence. The Complaint never pleads facts that Plaintiff was arrested because of a supposed mental disability.

*Redon v. Jordan*, No. 13CV1765 WQH (KSC), 2015 WL 9244288 (S.D. Cal. Dec. 17,

599240.6

2015) is instructive. Police there arrested a subject on a domestic disturbance after encountering that same subject on a mental health call a few months prior. *Redon*, *supra*, at * 2-3. The two events were about five months apart and the subject was placed on a 5150 hold during the first encounter. *Ibid.*

The *Redon* Court held that there was no evidence "that on August 19, 2011, officers arrested Plaintiff because of his real or perceived disability. Rather, officers arrested Plaintiff after responding to a 911 call reporting a domestic disturbance. Even if Mrs. Redon told the 911 operator that Plaintiff was "bipolar," there are no facts alleged that could support the inference that the officers arrested Plaintiff solely because of his actual or perceived disability." *Redon*, *supra*, at *8. Similarly, there are no facts in the Complaint that the officers arrested Plaintiff solely because of his actual or perceived disability.

For these reasons, Plaintiff's ADA claim should be dismissed.

## C.      No Fifth Amendment Violation

Plaintiff's Fifth Amendment claim fails because the on-scene questioning that took place at Plaintiff's residence was not custodial in nature.

The Fifth Amendment states that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V The Fifth Amendment requires that *Miranda* rights (a "procedural safeguard") be given prior to custodial interrogation by law enforcement. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id*. "[T]he initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Stansbury v. California*, 511 U.S. 318, 323 (1994).

Federal Circuit Courts have identified several non-exhaustive factors relevant to the custody determination: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

599240.6

individual." *U.S. v. Kim*, 292 F.3d 969, 974 (9th Cir. 2002) (citation omitted) . California courts

have noted the following circumstances to be considered:

> (1) whether contact with law enforcement was initiated by the police or the person
> interrogated, and if by the police, whether the person voluntarily agreed to an interview;
> (2) whether the express purpose of the interview was to question the person as a witness
> or a suspect; (3) where the interview took place; (4) whether police informed the person
> that he or she was under arrest or in custody; (5) whether they informed the person that he
> or she was free to terminate the interview and leave at any time and/or whether the
> person's conduct indicated an awareness of such freedom; (6) whether there were
> restrictions on the person's freedom of movement during the interview; (7) how long the
> interrogation lasted; (8) how many police officers participated; (9) whether they
> dominated and controlled the course of the interrogation; (10) whether they manifested a
> belief that the person was culpable and they had evidence to prove it; (11) whether the
> police were aggressive, confrontational, and/or accusatory; (12) whether the police used
> interrogation techniques to pressure the suspect; and (13) whether the person was arrested
> at the end of the interrogation.

See *People v. Aguilera*, 51 Cal. App. 4th 1151, 1162 (6th Dist. 1996)(citations omitted); *People v.*

*Davidson*, 221 Cal. App. 4th 966, 971–972 (2d Dist. 2013).

Plaintiff's assertion that he was subject to a custodial interrogation (and thus entitled to

*Miranda* protections) is wholly conclusory. He never alleges facts that he was in custody. He

never alleges, for example, that he was handcuffed during the conversation, threatened with

arrest, unable to leave, surrounded by a group of officers, or had firearms/other weapons at him.

The Complaint contains no facts indicating an aggressive interviewing method, restrictions placed

upon Plaintiff, or an unreasonable duration for the interview. And the interview occurred in his

own home with only two officers, while a third interviewed Ilse. (*Id*., at ¶¶ 25, 28).

This was an on-scene investigative interview in response to a domestic violence call. The

interaction with Plaintiff was a fact-finding interview, nothing more. *Miranda* explicitly allowed

investigatory interviews and did not require constitutional warnings for them. See *Miranda*,

*supra*, at 477-478 ("General on-the-scene questioning as to facts surrounding a crime or other

general questioning of citizens in the fact-finding process is not affected by our holding. It is an

act of responsible citizenship for individuals to give whatever information they may have to aid in

law enforcement. In such situations the compelling atmosphere inherent in the process of in-

custody interrogation is not necessarily present.") See also *Lowe v. United States*, 407 F.2d 1391,

1393-1394 (9th Cir. 1969) ("while persons suspected of crimes were given greater protection

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

MOTION TO DISMISS
5:23-CV-03193

599240.6

from the coercive pressures of police in-custody questioning, the Court in *Miranda* did not intend to abolish the accepted police practice of making general on the scene inquiries of citizens to determine whether a crime has been committed or is in progress.")

For these reasons, Plaintiff's Fifth Amendment claim should be dismissed.

### D.    The Complaint Fails to Factually Plead Lack of Probable Cause

#### 1.    Relevant Law

Plaintiff's causes of action for malicious prosecution, false arrest/imprisonment under Section 1983, and false arrest/imprisonment under California law all fail because he has failed to sufficiently plead lack of probable cause -- a requirement for all three claims.

Prevailing on Section 1983 malicious prosecution requires the plaintiff to "show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995).

Section 1983 false arrest and false imprisonment are essentially the same thing, as the alleged false imprisonment arises out of the alleged false arrest. *Gumble v. Waterford Township*, 171 Fed. App'x 502, 507 (6th Cir. 2006) (false arrest and false imprisonment claims are functionally the same and the court applies the same analysis to both claims); *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988). Prevailing on such a claim requires the plaintiff to establish that he was (1) arrested without probable cause and (2) detained without legal process. *Wallace v. Keto*, 549 U.S. 384, 390 (2007).

Under California law, "false arrest and false imprisonment are not separate torts. False arrest is by one way of committing a false imprisonment." *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 753 n. 3 (1997). "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual intentional confinement of a person; (2) without lawful privilege; and (3) for an appreciable period of time, however brief." *Lyons v. Fire Ins. Exchange*, 161 Cal. App. 4th 880, 888 (2008). An absolute defense to liability for false arrest/false imprisonment under California law exists "where the officer, acting within the scope of his or her authority, either (1) effects a lawful arrest or (2) has reasonable cause to believe the arrest is lawful." *Cervantes v. United*

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

11

599240.6

*States*, 330 F.3d 1186, 1188 (9th Cir. 2003). California courts speak of "reasonable cause" and "probable cause" interchangeably See *Pool v. City of Oakland*, 42 Cal.3d 1051, 1069 (1986); *O'Toole v. Superior Court*, 140 Cal.App.4th 488, 510 (2006).

    2.    <u>Failure to Plead "Lack of Probable Cause" in the Complaint</u>

"Probable cause to arrest exists when 'under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime.'" *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). In other words, probable cause to arrest exists when "…officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested" (quotation omitted). *U.S. v. Lopez*, 482 F.3d 1067, 1073 (9th. Cir. 2007).

While the Complaint alleges that Ofcs. Perry and Shonley misstated the nature of Ilse's thumb in their reports, this alone is not enough to establish lack of probable cause to arrest Plaintiff for domestic violence. Even if one assumes no visible injury to Ilse's thumb, the Complaint still admits Ilse complained of pain to her thumb. Probable cause could still exist depending upon what Plaintiff and/or Ilse told officers the encounter. See, *e.g.*, *Sudderth v. City & Cty. of S.F.*, 2001 WL 764929, at *5-6 (N.D. Cal. 2001) (finding probable cause for arresting plaintiff for misdemeanor battery where plaintiff confirmed a physical altercation between her and the victim but claimed she was acting in self-defense).

On the matter of witness statements, however, the Complaint is silent. It never specifies what either Plaintiff or Ilse told any of the officers. All that can be factually gleaned from the pleading is that officers arrived on-scene, investigated, and arrested Plaintiff. Unless and until more information is provided about who said what and what was conveyed to the officers, the "lack of probable cause" element has not been met. It is conclusory.

The Complaint's assertion that Perry and Shonley mischaracterized Plaintiff and Ilse's statements does not change this analysis. It does not change because the assertion itself is conclusory. The Complaint does not provide the two statements nor the police reports that allegedly referenced them. Without knowing how either officer allegedly mischaracterized the

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

599240.6

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1   witness' statements, it cannot be said for pleading purposes that there was mischaracterization (let

2   alone that any purported mischaracterization that affected the existence of probable cause).

3       For these reasons, Plaintiff's causes of action for malicious prosecution and false arrest

4   under federal and state law should be dismissed.

5       **D.    _Deveraux_ and Bane Act Claims Against Defendant Nguyen**

6       Plaintiff's claims for _Deveraux_ liability and Bane Act against Ofc. Nguyen should be

7   dismissed. Dismissal is appropriate as to this Defendant because Plaintiff fails to identify the

8   requisite falsification and specific intent for the two causes of action.

9           1.    _Devereaux_ Liability

10      "A _Devereaux_ claim is a claim that the government violated the plaintiff's due process

11  rights by subjecting the plaintiff to criminal charges based on deliberately-fabricated evidence.

12  Fundamentally, the plaintiff must first point to evidence he contends the government deliberately

13  fabricated." _Bradford v. Scherschligt_, 803 F.3d 382, 386 (9th Cir. 2015). There are two

14  "circumstantial methods" of proving that the falsification was deliberate. _Costanich v. Dep't of_

15  _Soc. & Health Servs._, 627 F.3d 1101, 1111 (9th Cir. 2010). The first method is to demonstrate

16  that the defendant continued his investigation of the plaintiff even though he knew or should have

17  known that the plaintiff was innocent. _Devereaux v. Abbey_, 263 F.3d 1070, 1076 (9th Cir. 2001).

18  The second method is to demonstrate that the defendant used "investigative techniques that were

19  so coercive and abusive that [he] knew or should have known that those techniques would yield

20  false information." _Id._

21      Defendants did not locate any factual allegation anywhere in the Complaint that Ofc.

22  Nguyen purportedly fabricated or falsified evidence. There is no reference to Nguyen

23  mischaracterizing a witness statement or a piece of evidence. The pleading's allegations of falsity

24  and mischaracterization appear to be limited to Perry and Shonley. (Dkt. No. 1, ¶¶ 33, 43-46).

25  Combined with the fact there is also no factual allegation of her deliberately doing so, and this

26  cause of action is insufficiently plead as to Ofc. Nguyen.

27      To the extent Plaintiff relies upon Paragraphs 49-50 of the Complaint – each officer wrote

28  a report and "[t]heir reports containing false and/or misleading information …" – this is

13

599240.6

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1   conclusory.

2   For these reasons, Defendants request dismissal of the *Devereaux* cause of action (as to

3   Ofc. Nguyen only).

4   2.   Bane Act

5   Plaintiff alleges a claim under California Civil Code section 52.1, the Bane Act.

6   (*Complaint*, ¶¶ 90-95) against all Defendants. The Complaint fails, however, to plead specific

7   intent as to Ofc. Nguyen.

8   Bane Act liability requires an officer to have had "a specific intent to violate the arrestee's

9   right to freedom from unreasonable seizure." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043

10  (9th Cir. 2018) (quoting Cornell v. City & Cty. of S.F., 17 Cal.App.5th 766, 801 (2017)).

11  "Evidence simply showing that an officer's conduct amounts to a constitutional violation under

12  an 'objectively reasonable' standard is insufficient to satisfy the additional intent requirement

13  under the Bane Act.  Rather, [the plaintiff] must show that [the officer] intended not only the

14  force, but its unreasonableness, its character as more than necessary under the circumstances."

15  *Losee v. City of Chico*, 738 F. App'x 398, 401 (9th Cir. 2018) (internal quotation and citation

16  omitted).  "The act of interference with a constitutional right must itself be deliberate or spiteful."

17  *Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 395. "[A] reckless disregard

18  for a person's constitutional rights is evidence of a specific intent to deprive that person of those

19  rights." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

20  Plaintiff's Complaint states that all three Defendant officers "intended to deprive Mr.

21  [Plaintiff] of his enjoyment of the interests protected by these laws and/or acted with reckless

22  disregard." (*Complaint*, at ¶ 92). This is a conclusory statement. And while Plaintiff alleges facts

23  as to Ofcs. Shonley and Perry -- *i.e.*, false reporting and mischaracterizing evidence as alleged in

24  Paragraphs 44 to 46 of the Complaint -- no such factual allegations are provided as to Ofc.

25  Nguyen. Nor does the operative pleading contain facts allowing the inference of specific intent

26  via a reckless disregard for Plaintiff's rights.

27  For these reasons, Defendants request dismissal of the Bane Act cause of action (as to

28  Ofc. Nguyen only).

14

599240.6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

### F.      Deficient Monell Allegations

Plaintiff's *Monell* claim is deficient and should be dismissed. "To hold a police department liable for the actions of its officers, the [plaintiff] must demonstrate a constitutional deprivation, and show that the deprivation was visited pursuant to a police department custom or policy." *Cloes v. City of Mesquite*, 12-15640, 2014 WL 3036554, *1 (9th Cir. July 7, 2014).

#### 1.      Constitutional Deprivation

Of the five constitutional violations alleged in the Complaint -- First Amendment retaliation, Fourth Amendment unlawful arrest, Fifth Amendment right against self-incrimination, Fourteenth Amendment *Devereaux* liability, and Fourteenth Amendment malicious prosecution – Plaintiff's *Monell* claim is premised upon violation of his Fifth Amendment/*Miranda* rights. (Dkt. No. 1, *Complaint*, at ¶¶ 67-72). It focuses on the alleged custodial interrogation and related violation of his rights. (*Ibid.*) Plaintiff's *Monell* claim fails because his claim regarding *Miranda* warning was not adequately plead. Please see Section III(C).

#### 2.      Insufficient Facts for Unconstitutional Custom, Policy, or Practice

A governmental policy may be established several ways: (1) proof that municipal employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity; (2) proof that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged conduct was thus an act of official government policy; or (3) proof that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (citations omitted), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016. See also *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019) ("municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker.") (citation omitted).

Plaintiff's Complaint alleges two *Monell* theories: formal government policy; and

MOTION TO DISMISS
5:23-CV-03193

599240.6

1    longstanding practice or custom which constitutes the standard operating procedure of the local

2    governmental entity. Both fail because neither is adequately plead.

3                              a.      *No Formal Government Policy*

4         Plaintiff contends the City "has a written policy or policies that, taken together, direct

5    police officers to perform custodial interrogation of persons allegedly involved in domestic

6    disputes or domestic violence without reading them their Miranda warnings, in violation of their

7    Fifth and Sixth Amendment rights." (Dkt. No. 1, *Complaint*, at ¶ 68).

8         This theory should be dismissed for two reasons.

9         First, it is conclusory. Plaintiff does not identify the purported policy or quote from it.

10        Second, there is no such written policy. As evidenced by Policy 311, DPS personnel were

11   not ordered or otherwise required to conduct *Miranda*-less custodial interrogations in domestic

12   violence cases. Nothing of the sort appeared in the text of the multi-page domestic violence

13   policy. Rather, the Policy stated that, "[w]hen practicable, officers should obtain and document

14   statements from the victim, the suspect, and any witnesses, including children, in or around the

15   household or location of occurrence" and "[i]f the suspect is no longer at the scene, officers

16   should make reasonable efforts to locate the suspect to further the investigation, provide the

17   suspect with an opportunity to make a statement, and make an arrest or seek an arrest warrant if

18   appropriate." Collecting voluntary statements and giving people the opportunity to provide such

19   statement(s) are the opposite of Plaintiff's allegations. Such policy language is not the same thing

20   as policy mandating interviews in domestic violence cases, let alone mandating interviews,

21   requiring they be custodial in nature, and prohibiting officers from providing *Miranda* warnings.

22                              b.      *No Longstanding Custom, Policy, or Practice*

23        Plaintiff contends that "officers in the City of Sunnyvale have a custom of performing

24   custodial interrogations of persons allegedly involved in domestic disputes or domestic violence

25   without reading them their Miranda rights, in violation of their Fifth and Sixth Amendment

26   rights." (Dkt. No. 1, *Complaint*, at ¶ 69).

27        A custom is "a widespread practice that, although not authorized by written law or express

28   municipal policy, is so permanent and well-settled as to constitute a custom or usage with the

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

16

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotation marks and citation omitted). "Liability for an improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

This theory should be dismissed because it is premised on a singular event: Plaintiff's encounter with DPS personnel during the subject incident. While Paragraph 69 asserts a custom of improper custodial interrogations, this assertion is entirely conclusory. No supporting facts are given – not one other example; not one other person who allegedly experienced what Plaintiff purportedly experienced.  Two recent Northern District cases are instructive.

In *Bazurto v. City of Gilroy Police Dep't*, No. 21-CV-06829-VKD, 2021 WL 4975016 (N.D. Cal. Oct. 26, 2021), the plaintiff alleged the Gilroy Police Department had "several policies, practices, or customs that reflect a deliberate indifference to [plaintiff's] Fourth Amendment rights." *Bazurto*, at * 4. In dismissing the *Monell* claim, the Court found the complaint contained "no factual allegations plausibly supporting the existence of any such policies, practices, or customs, beyond the facts of Mr. Bazurto's own encounter with GPD officers on January 28, 2020." (*Id.*)

In *Williams v. City of Pleasanton*, No. 20-CV-08720-WHO, 2021 WL 3932012 (N.D. Cal. Sept. 2, 2021), the plaintiff alleged the city had a "custom, policy or repeated practice of condoning and tacitly encouraging" "repeated false arrests, repeated false imprisonments, the repeated use of excessive force, denial of equal protection of the law based on race, gender or age." *Williams*, *supra*, at * 3. The defendant moved to dismiss the *Monell* claim, arguing plaintiff's allegations were too conclusory and asserted without any factual support. The District Court agreed, finding the Complaint failed to "allege facts that would plausibly support any *Monell* theory of liability against the municipal defendants. She cites no examples or facts in her Complaint that identify any prior instances of excessive force or false arrests based on race or gender that could possibly support a custom or practice allegation or establish deliberate indifference by supervisors …" *Id.* In granting the motion, the Court identified what Plaintiff had

599240.6

1  to do in any amended complaint: "identify the type of *Monell* claim she is alleging (custom or

2  policy, failure to train, or failure to discipline and whether the City's liability is based on

3  supervisorial ratification or deliberate indifference) … allege facts about the incident to support

4  her claim (e.g., facts showing she was subject to excessive force based on race or gender), and if

5  she is alleging a custom or policy claim, to identify facts showing pattern of similar constitutional

6  violations by the" defendants. *Id.*, at * 4.

7       Like the plaintiffs in *Bazurto* and *Williams*, Plaintiff attempts to premise an *Monell* claim

8  on his own personal encounter. He may not do so. Because his Complaint only discusses the

9  events of November 8, 2021 and fails to factually demonstrate a history by the City of conduct

10  *Miranda*-less custodial interrogations in domestic violence cases, this *Monell* theory should be

11  dismissed.

12  **IV.    CONCLUSION**

13       Defendants request that this Court dismiss the Complaint with prejudice.

15                           Respectfully submitted,

16  Dated:  August 29, 2023        ALLEN, GLAESSNER,
                                   HAZELWOOD & WERTH, LLP

18                           By:  _/s/ Ameet D. Patel_____
                                   KEVIN P. ALLEN
19                                 Attorneys for Defendant
                                   CITY OF SUNNYVALE, RYAN PERRY
20                                 JUSTIN SHONLEY and KELLY NGUYEN

*(left margin)* ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

MOTION TO DISMISS
5:23-CV-03193

599240.6