DAN SIEGEL, SBN 056400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Emails: danmsiegel@gmail.com;
emilyrose@siegelyee.com

Attorneys for Plaintiff
NEEL MEHTA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEEL MEHTA, | ) Case No. 5:23-cv-03193-PCP |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT FOR** |
| | ) **DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | ) |
| CITY OF SUNNYVALE, RYAN PERRY, JUSTIN SHONLEY, and KELLY NGUYEN, | ) |
| Defendants. | ) |

## INTRODUCTION

1.     Neel Mehta was falsely arrested on November 8, 2021 by Officers Ryan Perry, Justin Shonley, and Kelly Nguyen of the Sunnyvale Police Department.

2.     Officer Perry discriminated against Mr. Mehta based on his perception of Mr. Mehta's disability and falsely reported that Mr. Mehta's then-wife's purported injuries were substantial and justified his arrest. Although Mr. Mehta was visibly battered and injured, Officer Perry discounted his injuries due to his perception of Mr. Mehta as disabled and/or his prior complaint about Sunnyvale police conduct.

3.     Further, Officers Perry, Shonley, and Nguyen implemented their written policy and/or custom and conducted a custodial interrogation of Mr. Mehta to elicit statements form him

that they would use in criminal prosecution without first reading him his *Miranda* warnings in violation of his Fifth and Sixth Amendment rights.

4.    Based on the officers' reports including those that contained Mr. Mehta's compelled statements and false and/or misleading information, Mr. Mehta was falsely prosecuted for domestic violence.

5.    Charges against Mr. Mehta were eventually dropped when it became clear that the officers' reports would not hold up to scrutiny, but not before Mr. Mehta's malicious prosecution caused him economic loss, loss of income, and emotional distress.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution), § 1343(a)(3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), 42 U.S.C. § 1983, and 42 U.S.C. § 12132.

7.    The state law claims herein are related to claims in the action within original jurisdiction so that they form part of the same case or controversy under Article III of the United States Constitution. The Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

8.    Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

## PARTIES

9.    Plaintiff Neel Mehta is a software engineer. During all relevant times, Mr. Mehta was a resident of Sunnyvale California.

10.    Defendant Ryan Perry is a sworn law enforcement officer employed by the City of Sunnyvale. He is being sued in his official and individual capacities.

11.    Defendant Justin Shonley is a sworn law enforcement officer employed by the City of Sunnyvale. He is being sued in his official and individual capacities.

12.     Defendant Kelly Nguyen is a sworn law enforcement officer employed by the City of Sunnyvale. She is being sued in her official and individual capacities.

13.     Defendant City of Sunnyvale is a public entity organized under the Constitution and laws of the State of California and is responsible for the policies and funding of the Sunnyvale Police Department. The City of Sunnyvale operates the Sunnyvale Police Department under its authority.

## FACTUAL ALLEGATIONS

14.     Neel Mehta first encountered the Sunnyvale Police Department on or about March 5, 2021 when his then-wife, Ilse Mehta, contacted his family and Sunnyvale police to report that Mr. Mehta threatened to harm himself.

15.     Officers Ryan Perry and Raelyn Walsworth responded to the call for a welfare check.

16.     Mr. Mehta was severely sleep deprived, and the officers determined that he was in need of medical attention.

17.     The Sunnyvale police officers hospitalized Mr. Mehta pursuant to California Welfare and Institutions Code section 5150.

18.     Mr. Mehta got rest and medical attention at the hospital and was released the next day.

19.     Following his hospitalization, Mr. Mehta requested additional information from the police about the reason for his hospitalization.

20.     Officer Walsworth spoke with Mr. Mehta at Sunnyvale police headquarters and responded to his questions and concerns about their justification for entering his home and for hospitalizing him. Officer Walsworth made a report of his complaints.

21.     On November 8, 2021, Mr. Mehta called the Sunnyvale police and reported that Ilse had assaulted him in their home. Officer Perry responded to the scene with Officers Justin Shonley, and Kelly Nguyen.

22.     According to their policies including Policy 311 (Domestic Violence (Critical) and the mandatory Santa Clara County Domestic Violence Protocol, Sunnyvale police officers are required to arrest one of the parties in the household when they respond to a call about domestic violence.

23.     Officers Perry, Shonley, and Nguyen entered Mr. Mehta's home knowing that they would not leave the home or allow Mr. Mehta and/or Ilse to leave the home without arresting one of them.

24.     Sunnyvale Police Department policies required the officers to detain both parties and question them to determine which party they considered the dominant aggressor. Their policies mandate the arrest of that party.

25.     Officers Shonley and Nguyen questioned Mr. Mehta. Officer Shonley positioned himself between Mr. Mehta and the front door. Officer Nguyen positioned herself to the right of Mr. Mehta in a manner that prevented him from exiting his living room. Mr. Mehta was cornered against a couch during the interaction with the officers. Due to the couch and a baby gate on the stairs, Mr. Mehta did not have an unobstructed path of egress to retreat further into his home should he have chosen to discontinue the interrogation. The officers questioned him in this manner for approximately 30 minutes, asking him the same questions two to three times to see if they would elicit different answers.

26.     Despite this custodial interrogation, Officers Shonley and Nguyen failed to read Mr. Mehta his *Miranda* warnings and questioned him without his attorney and without advising him or his right to an attorney or his privilege against self-incrimination.

27.     The officers compelled Mr. Mehta to make statements that would later be used against him in criminal prosecution.

28.     Officer Perry spoke with Ilse.

29.     When questioning Ilse, Officer Perry asked her about Mr. Mehta's mental health, even though she had not raised it and it had no bearing on the current call for service.

30.     On information and belief, Officer Perry discredited Mr. Mehta based on his perception of Mr. Mehta's mental health. Credibility was critical to this police encounter, where the officers would determine whom they believed and arrest the person whose veracity they doubted. Officer Perry knew that discrediting Mr. Mehta based on his perceived disability ensured that he would be the party that the officers would arrest.

31.    When speaking to Officer Perry, Ilse complained of pain in her thumb, and when Officer Perry examined it, he could see that there was no visible injury to the thumb.

32.    The lack of injury and swelling is documented in photographs taken at the scene by Officer Perry.

33.    Officer Perry nevertheless falsely reported that Ilse's thumb "was twice the size" of the other, exaggerating the appearance of her thumb knowing that the information he was supplying would cause Officer Nguyen to arrest Mr. Mehta.

34.    During the custodial interrogation of Mr. Mehta, Officer Perry conferred with Officer Shonley.

35.    Officer Perry told Officer Shonley about the March 2021 incident where he participated in the hospitalization of Mr. Mehta.

36.    Officer Perry stated that Mr. Mehta had made a complaint against the officers during that incident.

37.    He stated that Mr. Mehta was paranoid and discussed with Officer Shonley the things he believed to be Mr. Mehta's delusions.

38.    While making these comments, Officer Perry made statements and gestures to make the point that Mr. Mehta could not be trusted when he reported his earnest concerns of assault.

39.    There was no legitimate purpose to raise either Mr. Mehta's complaint about prior police conduct or his perceived mental health disorder.

40.    Officer Perry's discussion of that with Officer Shonley served only to bias the officers against Mr. Mehta and to discredit him, which, in turn, would result in his arrest.

41.    After interrogating Mr. Mehta for approximately 30 minutes, Officer Nguyen told Mr. Mehta that the officers must arrest someone in the home that night, explaining that they had a "shall arrest" policy requiring the officers to perform an arrest in response to the domestic violence call with no exception.

42.    Officer Shonley was present while Officer Nguyen told Mr. Mehta this and he did not contradict her, indicating his agreement with her statement of Sunnyvale's policy, practice and/or custom.

43.   Officer Nguyen and Officer Shonley placed Mr. Mehta under arrest after eliciting his statement.

44.   The officers knowingly relied on Ilse's statements that they knew or should have known lacked credibility based on the absence of visible injuries.

45.   Following Mr. Mehta's arrest, Officer Perry stated to Ilse that the arrest would teach Mr. Mehta a lesson that Officer Perry felt Mr. Mehta hadn't learned when he was having a medical crisis in March, evincing his discriminatory and retaliatory intent in arresting Mr. Mehta.

46.   Officer Shonley wrote the primary incident report.

47.   He falsely reported that Mr. Mehta's wife "suffered bruising and swelling to her thumb" to further exaggerate the normal appearance of her thumb. He intentionally mischaracterized Mr. Mehta's statements to make Mr. Mehta appear culpable.

48.   In his report, Officer Perry replicated a similar false statement to that which he relayed to the other officers, stating that Ilse's thumb "appeared to be larger" than the other. He intentionally mischaracterized Ilse's statements to make Mr. Mehta appear culpable and failed to report Ilse's admissions that would favor Mr. Mehta.

49.   Officer Shonley and Officer Perry made their reports knowing that such fabricated evidence would be used in the prosecution of Mr. Mehta.

50.   No officer adequately described Mr. Mehta's injuries and photographs of his injuries were taken outside in the dark and while he was in handcuffs.

51.   Officer Perry, Officer Nguyen and Officer Shonley caused Mr. Mehta to be held in jail overnight until his bail could be secured.

52.   Each officer wrote a report about the November 8, 2021 arrest of Mr. Mehta.

53.   Their reports containing false and/or misleading information were used in the prosecution of Mr. Mehta.

54.   Mr. Mehta had to raise funds for bail, hire an attorney to defend himself, and take time away from work, which caused him to lose income.

55.   The charges against him were dropped when it became evident that the officers' reports would not stand up to scrutiny.

1    56.    Mr. Mehta suffered economic consequences and emotional distress as a result of his

2    false arrest.

3                                              **EXHAUSTION**

4    57.    Mr. Mehta presented a claim to the City of Sunnyvale pursuant to California

5    Government Code section 910 *et seq*. on May 6, 2022.

6    58.    On December 28, 2022, the City of Sunnyvale denied Mr. Mehta's claim.

7                                          **CLAIMS FOR RELIEF**

8                                      **FIRST CLAIM FOR RELIEF**
     **VIOLATION OF THE TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF**
9                                                **1990**
                              (against defendant City of Sunnyvale)
10                                       (42 U.S.C. § 12132)

11   59.    Plaintiff reincorporates by reference each of the preceding paragraphs and

12   allegations as if fully set forth herein.

13   60.    Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, provides

14   that: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded

15   from participation in or be denied the benefits of the services, programs, or activities of a public

16   entity, or be subjected to discrimination by any such entity."

17   61.    The term "disability" includes persons with mental or physical impairments that

18   limit one or more major life activities.  The ADA also protects persons who are perceived to be a

19   person with a disability.

20   62.    Officer Perry perceived Mr. Mehta to be a person with a disability. Based on his

21   perception, he discredited Mr. Mehta and encouraged other officers to discredit Mr. Mehta and to

22   arrest him.

23   63.    Based on this treatment, Mr. Mehta was denied the benefits of the services,

24   programs, or activities performed by the Sunnyvale Police Department.

25   ///

26   ///

27   ///

28

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF RIGHT AGAINST SELF INCRIMINATION**
(against defendants Ryan Perry, Justin Shonley, and Kelly Nguyen)
(42 U.S.C. § 1983)

64.    Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

65.    Defendant Officers Ryan Perry, Justin Shonley and Kelly Nguyen performed a custodial interrogation of Mr. Mehta.

66.     Their interrogation was designed to produce incriminating statements that could be used against him in criminal proceedings.

67.    They performed their custodial interrogation without reading him his rights or advising him that he was detained and that his statements in response to their interrogation could be used against him in criminal prosecution.

68.    Mr. Mehta's statements were used against him in criminal prosecution.

69.    The above-described policies and/or customs caused Mr. Mehta harm.

**THIRD CLAIM FOR RELIEF**
*MONELL* **LIABILITY**
(against defendant City of Sunnyvale)
(42 U.S.C. § 1983)

70.    Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

71.    The City of Sunnyvale has a written policy or policies that, taken together, direct police officers to perform custodial interrogation of persons allegedly involved in domestic disputes or domestic violence without reading them their *Miranda* warnings, in violation of their Fifth and Sixth Amendment rights.

72.    In the alternative, officers in the City of Sunnyvale have a custom of performing custodial interrogations of persons allegedly involved in domestic disputes or domestic violence without reading them their *Miranda* rights, in violation of their Fifth and Sixth Amendment rights.

73.    Defendant Officers Ryan Perry, Justin Shonley and Kelly Nguyen adhered to this policy and/or custom when they performed the custodial interrogation of Mr. Mehta without

reading him his rights or advising him that he was detained and that his statements in response to their interrogation could be used against him in criminal prosecution.

74. Mr. Mehta's statements were used against him in criminal prosecution.

75. The above-described policies and/or customs caused Mr. Mehta harm.

**FOURTH CLAIM FOR RELIEF**
***DEVEREAUX* LIABILITY**
(against defendants Ryan Perry and Justin Shonley)
(42 U.S.C. § 1983)

76. Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

77. Defendant Officers Ryan Perry and Justin Shonley deliberately fabricated evidence by preparing and writing the police report containing false information, omissions, and material misrepresentations that was used to prosecute Mr. Mehta.

78. Defendant Officers Ryan Perry and Justin Shonley knew that Mr. Mehta was innocent and/or were deliberately indifferent to his innocence but conducted a coercive and abusive investigation and/or deliberately fabricated evidence that was used to prosecute him.

79. Defendant Officers Ryan Perry and Justin Shonley subjected Mr. Mehta to their deliberate fabrication of evidence, coercive and abusive techniques, and wrongful conduct, depriving Mr. Mehta of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Mr. Mehta would be violated by their acts and/or omissions.

80. As a result, Mr. Mehta sustained injuries and damages, as set forth above.

**FIFTH CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION**
(against defendants Ryan Perry and Justin Shonley)
(42 U.S.C. § 1983)

81. Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

82. Defendant Officers Ryan Perry and Justin Shonley deliberately fabricated evidence by preparing and writing the police report containing false information, omissions, and material misrepresentations that was used to prosecute Mr. Mehta.

83.     Defendant Officers Ryan Perry and Justin Shonley maliciously or recklessly made false reports to the prosecutor to urge prosecution of Mr. Mehta.

84.     As a result, Mr. Mehta sustained injuries and damages, as set forth above.

**SIXTH CLAIM FOR RELIEF**
**FIRST AMENDMENT RETALIATION**
(against defendant Ryan Perry)
(42 U.S.C. § 1983)

85.     Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

86.     By virtue of the foregoing, Mr. Mehta was engaged in constitutionally protected activity when he made his complaint about police conduct and procedure following his police encounter in March 2021.

87.     Defendant Officer Ryan Perry's participation in the decision to arrest Mr. Mehta was motivated in substantial part by Mr. Mehta's complaint.

88.     The actions of defendant Perry would chill a person of ordinary firmness from making constitutionally protected complaints about police conduct.

**SEVENTH CLAIM FOR RELIEF**
**FALSE ARREST AND FALSE IMPRISONMENT**
(against defendants Ryan Perry, Justin Shonley, and Kelly Nguyen)
(42 U.S.C. § 1983)

89.     Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

90.     Defendants Ryan Perry, Justin Shonley, and Kelly Nguyen arrested Mr. Mehta and/or caused Mr. Mehta to be arrested when they lacked probable cause to support his arrest.

91.     Defendants Ryan Perry, Justin Shonley, and Kelly Nguyen caused Mr. Mehta to be imprisoned without justification overnight until bail could be posted.

92.     As a result, Mr. Mehta sustained injuries and damages, as set forth above.

///
///
///

1
2
3

### EIGHTH CLAIM FOR RELIEF
### BANE ACT
(against all defendants)
(Cal. Civil Code § 52.1)

4   93.   Plaintiff reincorporates by reference each of the preceding paragraphs and
5   allegations as if fully set forth herein.

6   94.   Defendants Ryan Perry, Justin Shonley, and Kelly Nguyen interfered with Mr.
7   Mehta's rights secured by the United States Constitution, California Constitution, federal laws
8   and/or state laws by threats, intimidation or coercion.

9   95.   Defendants Ryan Perry, Justin Shonley, and Kelly Nguyen intended to deprive Mr.
10  Mehta of his enjoyment of the interests protected by these laws and/or acted with reckless
11  disregard.

12  96.   Mr. Mehta was harmed, and defendants' conduct was a substantial factor in causing
13  his harm.

14  97.   The City of Sunnyvale is the employer of defendants Ryan Perry, Justin Shonley, and
15  Kelly Nguyen who were in the course and scope of their employment when they performed these
16  acts.

17  98.   By virtue of the foregoing, the City of Sunnyvale is liable for the conduct of
18  defendants Ryan Perry, Justin Shonley, and Kelly Nguyen pursuant to California Civil Code
19  section 815.2.

### NINTH CLAIM FOR RELIEF
### FALSE ARREST AND FALSE IMPRISONMENT
(against all defendants)
(Common Law and Cal. Civ. Code § 820.4)

20
21
22

23  99.   Plaintiff reincorporates by reference each of the preceding paragraphs and
24  allegations as if fully set forth herein.

25  100.   By virtue of the foregoing, defendants Ryan Perry, Justin Shonley, and Kelly Nguyen
26  arrested and imprisoned Mr. Mehta without a warrant and without reasonable or probable cause
27  to believe that a crime was committed.

28  101.   Mr. Mehta was harmed by the conduct of defendants.

102.    The City of Sunnyvale is the employer of defendants Ryan Perry, Justin Shonley, and Kelly Nguyen who were in the course and scope of their employment when they performed these acts.

103.    By virtue of the foregoing, the City of Sunnyvale is liable for the conduct of defendants Ryan Perry, Justin Shonley, and Kelly Nguyen pursuant to California Civil Code section 815.2.

**TENTH CLAIM FOR RELIEF**
**NEGLIGENCE**
(against all defendants)
(Cal. Civ. Code § 1714)

104.    Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

105.    Defendants breached their duty of care owed to plaintiff, and this breach was the proximate cause for plaintiff's harm.

106.    By virtue of the foregoing, defendant City of Sunnyvale is liable under California Government Code section 815.2 for the acts of its employees and agents Ryan Perry, Justin Shonley and Kelly Nguyen, all of whom acted within the course and scope of their employment.

**DAMAGES**

107.    As a direct and proximate result of each defendants' acts and/or omissions as set forth above, plaintiff sustained, and is currently sustaining, the following injuries and damages, past and future, including, but not limited to:

    a.    Compensatory damages including loss of income;

    b.    General damages including emotional distress, humiliation, and loss of liberty;

    c.    All other legally cognizable special and general damages;

**PUNITIVE DAMAGES**

108.    In taking the actions described above, the individual defendants intentionally and maliciously violated Mr. Mehta's civil rights and/or acted with reckless disregard as to whether their actions violated Mr. Mehta's civil rights.

109.    In taking the actions described above, the individual defendants acted with oppression, fraud and/or malice.

110.    As such, Mr. Mehta claims punitive damages against the individual defendants in an amount to be determined by a jury.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request the following relief against each and every defendant herein, jointly and severally:

a.    Compensatory damages in an amount according to proof;

b.    General damages;

c.    Special damages;

d.    Punitive damages under 42 U.S.C. § 1983, Civil Code § 3294 and federal and state law in an amount according to proof against all defendants except the public entities;

e.    Treble damages under California Civil Code § 52.1(c);

f.    Nominal damages;

g.    Attorney's fees and costs of suit under 42 U.S.C. § 1988;

h.    Attorney's fees and costs of suit under 42 U.S.C. § 12205;

i.    Attorney's fees and cost of suit under California Civil Code §§ 52(b)(3) and 52.1(h);

j.    All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988; 42 U.S.C. § 12205; California Code of Civil Procedure § 102.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

k.    For such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 19, 2023

SIEGEL, YEE, BRUNNER & MEHTA

By_____

    EmilyRose Johns

Attorneys for Plaintiff
NEEL MEHTA