UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEEL MEHTA,

    Plaintiff,

v.

CITY OF SUNNYVALE, et al.,

    Defendants.

Case No. 23-cv-03193-PCP

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 20

Plaintiff Neel Mehta filed this civil rights lawsuit against defendants City of Sunnyvale and Officers Ryan Perry, Justin Shonley, and Kelly Nguyen of the Sunnyvale Police Department. Defendants now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part defendants' motion.

## BACKGROUND

Mr. Mehta alleges that in March 2021, his wife Ilse Mehta called the Sunnyvale Police Department (PD) after Mr. Mehta had threatened to harm himself. Officer Perry arrived at the scene and hospitalized Mr. Mehta for one night, finding him to be in need of medical assistance.

In November 2021, Mr. Mehta called the Sunnyvale PD reporting that Ilse had assaulted him. Officers Perry, Shonley, and Nguyen then arrived at their home. Officers Shonley and Nguyen allegedly questioned Mr. Mehta for approximately 30 minutes, while Officer Perry spoke with Ilse, who complained of pain in her thumb. Officer Perry then told Officer Shonley of the March 2021 incident regarding Mr. Mehta's mental health, purportedly undermining his credibility in the questioning, and noted in a police report that Ilse's thumb was twice its normal size (an assertion that Mr. Mehta alleges was fabricated). Mr. Mehta alleges that Santa Clara County protocol required Sunnyvale police officers to arrest one of the involved parties when

responding to a call about domestic violence. In Mr. Mehta's view, the officers ultimately arrested him under this "shall arrest" domestic violence policy. He spent one night in jail, after which charges were dropped.

Mr. Mehta asserts the following claims: (1) violation of Title II of the Americans with Disabilities Act (ADA) against the City for arresting him due to his perceived mental impairment; (2) violation of his Fifth Amendment right against self-incrimination against all three officers for failing to read him *Miranda* warnings during his custodial interrogation; (3) *Monell* liability against the City for policies requiring officers to perform custodial interrogations without *Miranda* warnings in cases of domestic violence; (4) *Devereaux* liability against Officers Perry and Shonley for fabricating information in their police report; (5) malicious prosecution against Officers Perry and Shonley for making false reports to the prosecutor; (6) violation of the First Amendment against Officer Perry for retaliating after Mr. Mehta complained about police conduct during his March 2021 encounter; (7) false arrest and imprisonment against all three officers for lacking probable cause to arrest him under 42 U.S.C. § 1983; (8) Bane Act liability against all defendants for interfering with his constitutional rights by threats, intimidation, and coercion; (9) false arrest and imprisonment against all defendants for arresting him without a warrant or probable cause under California law; and (10) negligence against all defendants for breaching their duty of care owed to him. Mr. Mehta requests compensatory damages, punitive damages, and attorneys' fees.

Defendants move to dismiss Mr. Mehta's claims under Rule 12(b)(6). First, they argue that his ADA claim should fail since he was not arrested because of his perceived disability but because of the alleged domestic violence. Second, they contend that Mr. Mehta's Fifth Amendment self-incrimination claim should fail because he was not in custodial interrogation and therefore was not required to be read his *Miranda* rights. Third, they argue that Mr. Mehta fails to adequately plead a lack of probable cause, which is a required element for his false arrest and imprisonment and malicious prosecution claims. Fourth, defendants contend that the Bane Act claim against Officer Nguyen should be dismissed because she was not responsible for the alleged police report fabrication (which was purportedly done by Officers Perry and Shonley). Fifth, defendants argue that the *Monell* claim fails because Mr. Mehta has not identified an

unconstitutional City custom or policy.[1]

## LEGAL STANDARD

The Federal Rules require a complaint to include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion contending that a complaint fails to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Id.* at 664.

## ANALYSIS

### I.   Mr. Mehta Adequately Pleaded an ADA Claim.

Defendants argue that Mr. Mehta's ADA claim should fail since he was arrested because of the alleged domestic violence, not because of his perceived disability.[2]

Title II of the ADA states, "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To make a prima facie case under Title II, a plaintiff must show that: (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit of some public entity's services; (3) she was denied these benefits or otherwise discriminated against by the public entity; and (4) such denial of benefits or discrimination was by reason of her disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). The ADA's anti-discrimination

---

[1] Defendants do not move to dismiss the *Devereaux* liability claim against Officers Perry and Shonley for allegedly fabricating the size of Ilse Mehta's thumb in their police report. They also do not move to dismiss the First Amendment retaliation claim against Officer Perry or the negligence claim against all defendants.

[2] Defendants do not contest that Mr. Mehta's perceived mental health condition qualifies as a disability under the ADA. *See* 42 U.S.C. §§ 12102(1)(C), 12102(3)(A).

1    provision applies to arrests. *Lawman v. City and County of San Francisco*, 159 F. Supp. 3d 1130,
2    1147 (N.D. Cal. 2016).

3          Relying on different Ninth Circuit authorities, the parties disagree as to the causation
4    standard that applies to Mr. Mehta's ADA claim. Defendants contend that "a plaintiff proceeding
5    under Title II of the ADA must … prove that the exclusion from participation in the program was
6    *solely* by reason of disability." *Does 1–5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) (cited at
7    defendants' opening brief, Dkt. No. 20, at 17). By contrast, Mr. Mehta argues that "the phrase 'by
8    reason of' in the [Title II] statute establishes a 'motivating factor' causal standard for liability."
9    *Martin v. California Dept. of Veterans Affairs*, 560 F.3d 1042, 1048 (9th Cir. 2009) (citing *Head
10   v. Glacier Northwest Inc.*, 413 F.3d 1053, 1063 (9th Cir. 2005) ("We hold that the ADA causation
11   standard is a motivating factor standard.")) (cited at Mr. Mehta's opposition brief, Dkt. No. 27, at
12   10); *see also Smith v. City of Oakland*, 612 F. Supp. 3d 951, 965 n.7 (N.D. Cal. 2020) (rejecting
13   the argument that "Title II's 'by reason of . . . disability' standard is 'interchangeable' with [the]
14   'solely by reason of . . . disability' standard."). Neither position is correct.

15         Defendants misstate the holding of *Chandler*. In that case, the Ninth Circuit described a
16   Sixth Circuit decision and noted, among other things, that Court's statement that a denial of
17   benefits must be solely due to disability to state a Title II claim. *See Chandler*, 83 F.3d at 1155
18   (discussing *Sandison v. Michigan High School Athletic Ass'n, Inc.*, 64 F.3d 1026, 1037 (6th Cir.
19   1995)). But the *Chandler* Court did not purport to incorporate the Sixth Circuit's holding
20   regarding causation. To the contrary, the Ninth Circuit was not required to consider that issue at all
21   because it concluded that the plaintiffs had not been subjected to any differential treatment that
22   could be attributable (under any standard) to their disability. *Id.*

23         Mr. Mehta's position is incorrect, however, because the Ninth Circuit's decision in *Martin*
24   has been superseded by *Murray v. Mayo Clinic*, which held that "an ADA discrimination plaintiff
25   … must show that the adverse … action would not have occurred *but for* the disability." 934 F.3d
26   1101, 1105 (9th Cir. 2019) (emphasis added). While the *Murray* Court applied the but-for
27   causation standard to Title I of the ADA (governing discrimination in employment), it explicitly
28   overruled the Ninth Circuit's decision in *Head*, which had established the motivating factor

4

standard for claims under *both* Titles I and II of the ADA—and which was the basis for the *Martin* decision upon which Mr. Mehta relies. *Id.* The *Murray* Court did so after concluding that *Head* had been effectively overruled by the Supreme Court's decisions in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), and *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338 (2013). 934 F.3d at 1105.

*Murray*'s analysis applies with equal force to Title I and Title II of the ADA and provides the Ninth Circuit's current governing standard as to the causation standard that applies to such claims. Accordingly, to state a valid Title II claim, Mr. Mehta must plead facts plausibly suggesting that his disability was a but-for cause of his arrest.

Mr. Mehta has satisfied this burden. Undoubtedly, the alleged domestic violence was one factor in his November 2021 arrest. But as Mr. Mehta alleges, his credibility was also severely undermined by Officer Perry's references to the March 2021 incident and his perceived mental health condition. Officer Perry purportedly raised Mr. Mehta's mental health status with Ilse Mehta and told Officer Shonley that Mr. Mehta was paranoid and had delusions. Mr. Mehta argues that his credibility during questioning was lost and that as a result, in combination with the "shall arrest" policy, he was arrested instead of Ilse. These factual allegations support Mr. Mehta's claim that his perceived mental health disability, which resulted in the officers finding him to be uncredible, was a but-for cause of his arrest. Accordingly, Mr. Mehta adequately pleaded his Title II claim.

## II.     Mr. Mehta's Fifth Amendment Self-Incrimination Claim Fails.

Defendants also argue that Mr. Mehta's Fifth Amendment self-incrimination claim should be dismissed because he was never in custodial interrogation and therefore never had to be read his *Miranda* rights. But whether Mr. Mehta was in custody is irrelevant to the outcome here. In *Vega v. Tekoh*, the Supreme Court unambiguously held that *Miranda* warnings are "not themselves rights protected by the Constitution" and therefore do not provide a basis for civil damages liability under § 1983. 597 U.S. 134, 145 (2022). And while *Vega* declined to decide whether *Miranda* violations might constitute federal "law" enforceable through § 1983 for forms of relief *other* than damages, *see id.* at 150–51, Mr. Mehta's complaint does not set forth facts

5

establishing his entitlement to pursue equitable relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (rejecting the argument that constitutional standing in a pending damages suit affords the plaintiff Article III standing to seek a distinct equitable remedy); *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (holding that a plaintiff who has been wronged is only entitled to injunctive relief if they can show that they face "real or immediate threat that [they] will again be wronged in a similar way"). Accordingly, the Court grants defendants' motion to dismiss Mr. Mehta's Fifth Amendment self-incrimination claim. This dismissal is with prejudice as to his claim for damages, and without prejudice as to any claim for other forms of relief.

### III. Mr. Mehta Adequately Pleaded a Lack of Probable Cause.

Defendants further argue that Mr. Mehta's false arrest and imprisonment claims (under both § 1983 and California law) and malicious prosecution claim should fail because he has not adequately pleaded the required element of a lack of probable cause.

"Probable cause exists for an arrest when there is a fair probability or substantial chance of criminal activity." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012). In other words, "[p]robable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." *John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008). "Mere suspicion, common rumor, or even strong reason to suspect are not enough." *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984). "Probable cause is lacking if the circumstances relied on are susceptible to a variety of credible interpretations not necessarily compatible with nefarious activities." *Gasho v. United States*, 39 F.3d 1420, 1432 (9th Cir. 1994).

Defendants contend that even if Officers Perry and Shonley fabricated the size of Ilse Mehta's thumb in their police report (as Mr. Mehta alleges), Ilse nonetheless complained of pain in her thumb, which created sufficient probable cause to justify Mr. Mehta's arrest. Dkt. No. 20, at 24. By contrast, the complaint is silent about what injuries Mr. Mehta had arising from the alleged domestic violence. Mr. Mehta responds that Ilse's complaint about her thumb alone likely does not establish probable cause, especially because *he* was the individual who initially called about domestic violence. As to the "evidence" of Ilse's thumb size, Mr. Mehta contends that it is

fabricated, and thus cannot be used to support probable cause to make an arrest. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) (holding that probable cause can be challenged by alleging that "criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith"); *see also Dowling v. Starr*, 2021 WL 2865211, at *8 (N.D. Cal. July 8, 2021) ("To be sure, if a police officer deliberately fabricates evidence to make an arrest, that arrest is by its nature made without probable cause.").

Given that defendants do not contest Mr. Mehta's allegations that the officers fabricated the size of Ilse's thumb in their police report, this evidence cannot support a finding of probable cause. Excluding this material in the police report leaves only Ilse's complaint about her thumb pain, which cannot alone support a finding that Mr. Mehta committed a domestic violence offense, particularly in light of the fact that it was Mr. Mehta who called the police in the first place. Mr. Mehta has adequately pleaded that probable cause was lacking because of the "credible interpretation" that Ilse was lying to protect herself, *Gasho*, 39 F.3d at 1432, and because "mere suspicion" of Mr. Mehta because of his gender and mental health status was insufficient. *McKenzie*, 738 F.2d at 1008.

## IV.  Mr. Mehta Adequately Pleaded a Bane Act Claim Against Officer Nguyen.

Defendants also contend that the Bane Act claim against Officer Nguyen should be dismissed because the complaint does not allege that she was responsible for the purported police report fabrication. Establishing a claim under California's Bane Act requires "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). "[A] reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Id.*

Because Mr. Mehta has adequately pleaded false arrest and imprisonment claims against Officer Nguyen based on factual allegations in the complaint demonstrating a lack of probable cause, there is sufficient evidence that Officer Nguyen had a reckless disregard for Mr. Mehta's constitutional right to be free from unreasonable seizure. Therefore, Officer Nguyen can be subject to Bane Act liability premised on her false arrest and imprisonment of Mr. Mehta. *See Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766, 803 (2017) (holding that the right to be

1  free from arrest without probable cause is plainly capable of supporting a Bane Act claim).

2  **V.     Mr. Mehta Has Not Adequately Pleaded a *Monell* Claim.**

Defendants finally contend that Mr. Mehta's *Monell* claim, which is premised on a purported City policy or custom of police performing custodial interrogations without reading *Miranda* warnings and executing arrests without probable cause in domestic violence cases, is deficient for failing to identify an unconstitutional policy or custom.

To adequately plead a *Monell* claim, a plaintiff must establish either that "official policy is responsible for a deprivation of rights protected by the Constitution" or "constitutional deprivations [were] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). An "official policy often refers to formal rules or understandings—often but not always committed to writing—that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). By contrast, a governmental custom is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). An isolated incident of unconstitutional conduct by an officer is insufficient to establish a policy or custom to render a municipality liable. *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).

Mr. Mehta alleges that Sunnyvale's Domestic Violence Policy requires officers to conduct custodial interrogations without providing *Miranda* warnings and to execute arrests without probable cause in cases of domestic violence. But as defendants note, there is nothing in the policy that instructs officers to conduct un-*Mirandized* custodial interrogations.[3] To the contrary, the policy expressly states that an "arrest should be made when there is probable cause to believe that a felony or misdemeanor domestic violence offence has been committed." Dkt. No. 21, at 13. Because the policy identified by Mr. Mehta fails to include any unconstitutional provisions, it

---

[3] Because Mr. Mehta referenced the Domestic Violence Policy in his complaint, it is incorporated therein and can be considered on defendants' 12(b)(6) motion.

cannot provide a basis for *Monell* liability.

Mr. Mehta separately argues that there is a governmental custom of conducting un-*Mirandized* custodial interrogations and making arrests without probable cause in domestic violence cases. Mr. Mehta fails, however, to allege facts beyond his own experiences from the November 2021 incident that would plausibly suggest the existence of such a custom. "A plaintiff cannot prove the existence of a [] policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233–34 (9th Cir. 1989). Even if the officers engaged in unconstitutional conduct at his home, Mr. Mehta fails to allege facts suggesting a widespread unconstitutional practice that would support a *Monell* claim.

Accordingly, the Court grants without prejudice defendants' motion to dismiss Mr. Mehta's *Monell* claim against the City.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss Mr. Mehta's second and third causes of action (Fifth Amendment self-incrimination claim against all three officers and *Monell* claim against the City), but denies the motion as to all other claims. The dismissal of these two claims is with prejudice as to his request for damages on the Fifth Amendment self-incrimination claim, and without prejudice as to the other claims.

**IT IS SO ORDERED.**

Dated: March 5, 2024

P. Casey Pitts
United States District Judge